Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Chrome Hearts LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>                    Plaintiff,<br><br>          vs.<br><br>NINE WEST HOLDINGS, INC., a Delaware Corporation; MACY'S INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | CASE NO.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**1.   TRADEMARK INFRINGEMENT;**<br><br>**2.   FALSE DESIGNATIONS OF ORIGIN AND FALSE DESCRIPTIONS;**<br><br>**3.   COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION;**<br><br>**4.   COPYRIGHT INFRINGEMENT**<br><br>          **JURY TRIAL DEMANDED** |

   **Plaintiff Chrome Hearts LLC** for its claims against **Defendants Nine West Holdings, Inc.** and **Macy's Inc.** respectfully alleges as follows:

## JURISDICTION AND VENUE

   1.      Plaintiff files this action against Defendants for trademark infringement under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") as well as copyright infringement under 17 U.S.C. § 101, et seq., and related claims of trademark infringement and unfair competition under the statutory and

common law of the State of California.  This Court has subject matter jurisdiction over the trademark and copyright infringement claims under 28 U.S.C. §§1331 and 1338(a).

2.	This Court has supplemental jurisdiction over the claims in this Complaint which arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a), since the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.	This Court has personal jurisdiction over Defendants because Defendants regularly conduct business within the state of California, are registered with the California Secretary of State, and/or have principal places of business in the state of California.

4.	This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

5.	Plaintiff Chrome Hearts LLC ("Chrome Hearts") is a limited liability company organized and existing under the laws of the state of Delaware, with an office and principal place of business at 915 North Mansfield Avenue, Los Angeles, California 90038.

6.	Upon information and belief, Defendant Nine West Holdings, Inc. ("Nine West") is a corporation duly organized and existing under the laws of the state of Delaware with an office and principal place of business at 180 Rittenhouse Circle, Bristol, Pennsylvania 19007.  Plaintiff further alleges upon information and belief that Nine West is registered to do business in the state of California and has agents for service of process therein located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

7.     Upon information and belief, Defendant Macy's, Inc. ("Macy's") is a corporation duly organized and existing under the laws of the state of Delaware with an office and principal place of business at 7 West 7th Street, Cincinnati, Ohio 45202. Plaintiff further alleges upon information and belief that Macy's is registered to do business in the state of California and has agents for service of process therein located at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833

8.     Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

9.     Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.     The Chrome Hearts Brand and its Marks

10.     Chrome Hearts has been engaged in the design, manufacture, and sale of artistically styled leather goods, apparel, jewelry, and accessories since 1988.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

11.     Chrome Hearts is the owner of the word/mark "CHROME HEARTS" as well as a variety of other federal trademark and copyright comprising the Chrome Hearts mark and assorted design components.

12.     Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, belt buckles, fabric apparel, bags and a wide collection of other products, including its recent line of custom, one-of-a-kind furniture, eyewear, and crystal ware.

13.     Entertainers, such as Madonna, Arnold Schwarzenegger, Karl Lagerfeld, Cher, Kate Hudson, Tom Brady, David Beckham, and Lenny Kravitz can all be seen in Chrome Hearts's fashions.  Chrome Hearts products are sold in the exclusive CHROME HEARTS stores throughout the world and in select specialty stores, such as Colette of Paris, Bergdorf Goodman in New York and the United Arrows and Selfridges in London.

14.     In 1993, the Council of Fashion Designers of America ("CFDA") presented Chrome Hearts with an unsolicited award as designer of the year for its innovated accessories and jewelry designs.

15.     Virtually all Chrome Hearts® products, including clothing, denim, and jewelry, are handmade in Los Angeles by Chrome Hearts's craftsmen.  The level of expert workmanship exercised by these individuals is superior and conforms with the strict standards established by Chrome Hearts.

16.     Works designed by Chrome Hearts have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France.  These articles have acclaimed the high artistry, fashion and style of Chrome Hearts's designs and the uniqueness of the designs.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**B.    Defendants' Infringing Conduct**

17.    The present lawsuit arises from Defendants' infringement of one or more of the Chrome Hearts's federally registered trademarks and copyrighted works by certain jewelry products sold under the R.T. JAMES® brand (hereinafter "Infringing Products"), exemplars of which are shown below



18.    Said Infringing Products have been advertised, offered for sale, and sold by Macy's via its retail stores and e-commerce store (www.macys.com), which is accessible to consumers nationwide.

19.    Upon information and belief, Defendant Nine West is the manufacturer, source, supplier, and/or distributor of the Infringing Products and have distributed said Infringing Products to retailers nationwide, including those within this judicial district.

20.    Chrome Hearts is informed and believes and hereon alleges that Defendants have sold products bearing confusingly similar reproductions of Chrome Hearts's federally registered trademarks and copyrighted works in an effort to exploit Chrome Hearts's reputation in the market.

21.    Chrome Hearts has not granted a license or any form of permission to Defendants with respect to its trademarks, copyrighted works, trade dresses, or other intellectual property.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

22.    Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

23.    Chrome Hearts is the owner of the word/mark "CHROME HEARTS" as well as a variety of other federal trademark registrations comprising the Chrome

Hearts mark and assorted design components, including in relevant part the following trademarks:

| | Reg. No. | Date of Reg. | Class/Goods |
|---|---|---|---|
| ("**CH Cross**") | 3,605,854 | April 14, 2009 | International Class ("IC") 018. Bags, namely, handbags, shoulder bags, clutches, tote bags, wallets, back packs and luggage. |
| | 3,605,860 | April 14, 2009 | IC 014. Jewelry, namely, rings, earrings, pendants, necklaces, bracelets, cuff bracelets, cuff links, watch bracelets and key rings made of precious metals. |
| | 3,606,059 | April 14, 2009 | IC 025. Clothing, namely, tee shirts, shirts, tank tops, sweaters, sweat shirts, sweat pants, jeans, pants, jackets, coats and hats. |
| | 3,731,397 | Dec. 29, 2009 | IC 009. Eyewear, namely, eyeglasses, sunglasses, eyeglass cases and sunglass cases. |

24. Registrations to Chrome Hearts's CH Cross Mark are in full force and effect and have been used continuously since their respective first dates of use. Indeed many of the registrations to the CH Cross Mark are incontestable by virtue of their registrations and continuous use in commerce for more than five years.

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

25.     The CH Cross Mark is nationally recognized, including within the Central District of California, as being affixed to goods and merchandise coming from Chrome Hearts.

26.     Defendants' use of marks substantially indistinguishable and/or confusingly similar to the CH Cross Mark on the Infringing Products is likely to lead to and result in consumer confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

27.     Defendants' infringement of the CH Cross Mark is without Chrome Hearts's permission or authority and in total disregard of Chrome Hearts's rights to control its trademarks.

28.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Chrome Hearts and reap the benefit of Chrome Hearts's goodwill associated with Chrome Hearts's trademarks.

29.     As a direct and proximate result of Defendants' infringing conduct, Chrome Hearts has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from selling the Infringing Products and otherwise infringing on Chrome Hearts's registered trademarks.

30.     Chrome Hearts has no adequate remedy at law.

31.     In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the CH Cross Mark, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants  all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this

1  action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to
2  15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

### SECOND CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions – 15 U.S.C. § 1125(a))

32.     Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

33.     Defendants' unauthorized use of marks substantially indistinguishable and/or confusingly similar to the CH Cross Mark on the Infringing Products in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Chrome Hearts or come from the same source as Chrome Hearts's goods when in fact they do not.

34.     Defendants' use of the CH Cross Mark is without Chrome Hearts's permission or authority and in total disregard of Chrome Hearts's rights to control its trademarks.

35.     Defendants' infringing activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

36.     Chrome Hearts has no adequate remedy at law.

37.     In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the CH Cross Mark, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

# THIRD CLAIM FOR RELIEF

## (Common Law Trademark Infringement and Unfair Competition)

38.    Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

39.    Chrome Hearts owns and enjoys common law trademark rights to the CH Cross Mark in California and throughout the United States.

40.    Defendants' misappropriation of Chrome Hearts's common law trademarks was intended to capitalize on Chrome Hearts's goodwill for Defendants' own pecuniary gain. Chrome Hearts has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of marks. As a result of Chrome Hearts's efforts, Defendants are now unjustly enriched and is benefiting from property rights that rightfully belong to Chrome Hearts.

41.    Defendants' unauthorized use of the CH Cross Mark has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Chrome Hearts.

42.    Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Chrome Hearts.

43.    Defendants' acts constitute unfair competition under California common law.

44.    Chrome Hearts has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' infringing activities unless Defendants are permanently enjoined from its infringing conduct.

45.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chrome Hearts in reckless disregard of Chrome Hearts's rights. Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar such conduct in the future.

46.    Chrome Hearts has no adequate remedy at law.

47.     In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using the CH Cross Mark to recover all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Copyright Infringement – 17 U.S.C. § 501)

48.     Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

49.     In addition to owning numerous trademark registrations to its various marks, Chrome Hearts also owns several copyright registrations, including in relevant part a copyright registration to the CH Cross (VA 705-193), which is attached hereto and incorporated herein as Exhibit A.

50.     As the owner of the CH Cross Copyright, Chrome Hearts is entitled to exclusive use thereof without the unauthorized use by third parties.

51.     Given the widespread popularity of the CH Cross Copyright and the striking similarity between said work and the graphic cross on the Infringing Products, Defendants had access to the CH Cross Copyright and upon information and belief have knowingly infringed upon one or more of them by manufacturing, distributing and selling products bearing marks which are substantially similar to the CH Cross Copyright, in violation of 17 U.S.C. § 501.

52.     Upon information and belief, Defendants have intentionally, knowingly and willfully copied the CH Cross Copyright to benefit from the widespread customer recognition and acceptance of them and to capitalize upon the market created by Chrome Hearts for its designs.

53.     Upon information and belief, the aforesaid infringement by Defendants of the CH Cross Copyright was and continues to be with the knowledge that such designs are copyrighted and Defendants, in doing the acts complained of herein, have willfully

infringed upon Chrome Hearts's rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, et seq.

54.    Defendants' infringement of the CH Cross Copyright is to the great and irreparable damage of Chrome Hearts, and Chrome Hearts is informed and believes, as indicated, that Defendants will continue such infringement unless enjoined by this Court.

55.    Chrome Hearts has no adequate remedy at law.

56.    In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using the CH Cross Copyright or any designs identical and/or substantially similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b), or in the alternative statutory damages pursuant to 17 U.S.C. § 504(c), and/or any additional damages pursuant to 17 U.S.C. § 504(d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1.    Entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants and their respective officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

(a)    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Infringing Products and/or any other products that bear marks/designs identical to, confusingly similar to, and/or substantially similar to the CH Cross Mark/Copyright;

(b)    engaging in any other activity constituting unfair competition with Chrome Hearts, or acts and practices that deceive consumers, the public, and/or trade,

1   including without limitation, the use of designations and design elements associated
2   with Chrome Hearts;

3          (c)   committing any other act which falsely represents or which has the
4   effect of falsely representing that the goods and services of Defendants are licensed by,
5   authorized by, offered by, produced by, sponsored by, or in any other way associated
6   with Chrome Hearts;

7          (d)   knowingly assisting, aiding or attempting to assist or aid any other
8   person or entity in performing any of the prohibited activities referred to in Paragraphs
9   (a) through (c) above.

10      2.   Entry of an ORDER directing Defendants to recall from any distributors
11  and retailers and to deliver to Chrome Hearts for destruction, or other disposition, all
12  remaining inventory of the Infringing Products, in addition to any other goods that
13  infringe upon Chrome Hearts's rights to the CH Cross Mark/Copyright, including all
14  advertisements, promotional and marketing materials therefore, as well as means of
15  making same in its possession or under its control;

16      3.   Entry of an ORDER directing Defendants to disclose its supplier(s) and
17  manufacturer(s) of the Infringing Products and provide all documents, correspondence,
18  receipts, and invoices associated with the purchase of the Infringing Products;

19      4.   Entry of an ORDER for an accounting by Defendants of all gains, profits,
20  and/or advantages derived from its infringing acts;

21      5.   Entry of an ORDER directing Defendants to file with this Court and serve
22  on Chrome Hearts within ten (10) days after entry of the injunction a report in writing,
23  under oath setting forth in detail the manner and form in which Defendants  has
24  complied with the injunction;

25      6.   Award of Defendants' profits and all damages sustained by Chrome
26  Hearts as a result of Defendants' wrongful acts, and such other compensatory damages
27  as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and
28  17 U.S.C. § 504(b), or in the alternative should Chrome Hearts so elect, an award of

statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 504(c) to Chrome Hearts

7.     Award of treble damages in the amount of Defendants' profits or Chrome Hearts Marks' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

8.     Award of applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505 to Chrome Hearts;

9.     Award of punitive damages to Chrome Hearts in connection with its California state and common law claims;

10.     Such other relief as may be just and proper.


Dated:        July 5, 2017                    BLAKELY LAW GROUP


                              By:      */s/ Cindy Chan*_____
                                       Brent H. Blakely
                                       Cindy Chan
                                       ***Attorneys for Plaintiff***
                                       ***Chrome Hearts LLC***


## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chrome Hearts LLC hereby demands a trial by jury as to all claims in this litigation.


Dated:        July 5, 2017                    BLAKELY LAW GROUP


                              By:      */s/ Cindy Chan*_____
                                       Brent H. Blakely
                                       Cindy Chan
                                       ***Attorneys for Plaintiff***
                                       ***Chrome Hearts LLC***

PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

# EXHIBIT A

# CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*

OFFICIAL SEAL

## FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE



**VA 705-193**

EFFECTIVE DATE OF REGISTRATION

MAR 28 1995
Month    Day    Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

---

**1**   **TITLE OF THIS WORK ▼**

C H Cross

**NATURE OF THIS WORK ▼** See instructions

JEWELRY DESIGN

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give:   Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**   **a**   **NAME OF AUTHOR ▼**

CHROME HEARTS, INC.

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
- [X] Yes
- [ ] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ U.S.A.
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? [ ] Yes [ ] No
Pseudonymous? [ ] Yes [ ] No
If the answer to either of these questions is "Yes," see detailed instructions

**NOTE**
Under the...

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
- [ ] 3-Dimensional sculpture
- [ ] 2-Dimensional artwork
- [ ] Reproduction of work of art
- [ ] Design on sheetlike material
- [ ] Map
- [ ] Photograph
- [X] Jewelry design
- [ ] Technical drawing
- [ ] Text
- [ ] Architectural work

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
- [ ] Yes
- [ ] No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? [ ] Yes [ ] No
Pseudonymous? [ ] Yes [ ] No
If the answer to either of these questions is "Yes," see detailed instructions



...as to contribution to the work a "work made for hire"?

space for dates of birth and death blank.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
- [ ] 3-Dimensional sculpture
- [ ] 2-Dimensional artwork
- [ ] Reproduction of work of art
- [ ] Design on sheetlike material
- [ ] Map
- [ ] Photograph
- [ ] Jewelry design
- [ ] Technical drawing
- [ ] Text
- [ ] Architectural work

---

**3**   **a**   **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.

1990 ◀ Year

**b**   **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK** Complete this information ONLY if this work has been published.

Month ▶ November   Day ▶ 7   Year ▶ 1990
   U.S.A.   ◀ Nation

---

**4**   **COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

CHROME HEARTS, INC.
937 North Citrus Avenue
Hollywood, California 90038

**APPLICATION RECEIVED**
MAR 28 1995
**ONE DEPOSIT RECEIVED**
MAR 28 1995
**TWO DEPOSITS RECEIVED**

**REMITTANCE NUMBER AND DATE**

See instructions before completing this space.

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE OFFICE USE ONLY

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
   • See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages

FORM VA

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION**  Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material  Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼ ROBBINS, BERLINER & CARSON     Account Number ▼   DA 026964

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

John P. Spitals
c/o ROBBINS, BERLINER & CARSON
201 N. Figueroa Street, 5th Floor
Los Angeles, California 90012-2628

Area Code and Telephone Number ▶ (213) 977-1001

Be sure to
give your
daytime phone
◀ number

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

☒ authorized agent of CHROME HEARTS, INC.
          Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

John P. Spitals                    date ▶ March 24, 1995

Handwritten signature (X) ▼

**MAIL CERTIFICATE TO**

Name ▼
John P. Spitals, c/o   ROBBINS, BERLINER & CARSON

Number/Street/Apartment Number ▼
201 N. Figueroa Street, 5th Floor

City/State/ZIP ▼
Los Angeles, California 90012-2628

Certificate
will be
mailed in
window
envelope

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Register of Copyrights
Library of Congress
Washington, D.C. 20559

The Copyright Office
has the authority to ad-
just fees at 5-year inter-
vals, based on changes
in the Consumer Price
Index. The next adjust-
ment is due in 1996.
Please contact the
Copyright Office after
July 1995 to determine
the actual fee schedule.

**9**

\*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection
with the application, shall be fined not more than $2,500.

February 1993—100,000                                    ☆U.S. GOVERNMENT PRINTING OFFICE: 1993-342-582/60,016

CH-14

Pg. 16



