# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CHROME HEARTS LLC

Plaintiff(s)

v.

NINE WEST HOLDINGS, INC., et al.

Defendant(s).

CASE NUMBER:

2:17–cv–04923–DMG–KS

**NOTICE TO PARTIES OF
COURT–DIRECTED ADR PROGRAM**

## NOTICE TO PARTIES:

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. *See* Civil L.R. 16–15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. *See* Civil L.R. 16–15.1.

The district judge to whom the above–referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. *See* General Order No. 11–10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to Civil L.R. 26–1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties *before* the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. *See* Civil L.R. 26–1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U.S. District Court

By  */s/ Geneva Hunt*
Deputy Clerk

  July 5, 2017
Date

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT
## AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
### Counsel are required to furnish and discuss this Notice with their clients.

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non–binding),neutral evaluation (NE), conciliation, mini–trial and fact–finding. ADR can be either Court–directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost–effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come prepared to discuss the parties' choice of ADR option (settlement conference before a magistrate judge; Court Mediation Panel; private mediation) at the initial scheduling conference. Counsel are also required to indicate the client's choice of ADR option in advance of that conference. *See* Civil L.R. 26–1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

With more than 15,000 civil cases filed in the District in 2012, less than 1 percent actually went to trial. Most cases are settled between the parties; voluntarily dismissed; resolved through Courtdirected or other forms of ADR; or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."